■ CHAMBERLAIN, D'AMANDA, OPPENHEIMER & GREENFIELD LLP, Plaintiff, v REBECCA P. WILSON, Appellant. J. RICHARD WILSON et al., Respondents. [956 NYS2d 730]—

Memorandum: Defendant appeals from an order that, inter alia, denied her motion to compel insofar as it sought disclosure from her ex-husband, nonparty respondent J. Richard Wilson, and conditioned disclosure from her ex-husband's attorney, nonparty respondent Steven M. Jacobstein, upon her stipulation not to seek to "re-open" the divorce from her ex-husband.

Contrary to defendant's contention, the ex-husband did not waive his objection to the disclosure sought by failing to seek a protective order in a timely manner. The party seeking disclosure is obligated to move to compel such disclosure when confronted with a refusal to disclose; "no longer may the party who served a discovery notice rely upon the recipient's failure to seek a protective order" (*Pyron v Banque Francaise du Commerce Exterieur*, 256 AD2d 204, 205 [1998]).

Defendant further contends that Supreme Court erred in both denying her motion to compel to the extent that it sought disclosure from her ex-husband, a nonparty to the underlying action between defendant and her former attorneys, and in imposing a condition on the disclosure from the ex-husband's attorney. "The supervision of discovery, the setting of reasonable terms and conditions for disclosure, and the determination of whether a particular discovery demand is appropriate, are all matters within the sound discretion of the trial court" (*Kooper v Kooper*, 74 AD3d 6, 17 [2010]). While we conclude that the Court did not abuse its discretion under the circumstances of this case by refusing to compel disclosure from defendant's ex-husband (*see* CPLR 3101 [a] [4]; *cf.* CPLR 3101 [a] [1]), we do agree with defendant that the court abused its discretion by conditioning disclosure from her ex-husband's attorney "upon defendant supplying [the attorney] with a stipulation not to seek re-opening [of] any aspect of the divorce, within five (5) days of this Order." We therefore modify the order by vacating that condition. Present—Smith, J.P., Carni, Lindley, Sconiers and Whalen, JJ.